IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PLUMBERS & PIPEFITTERS LOCAL )
UNION NO. 803 HEALTH & WELFARE )
FUND; PLUMBERS & PIPEFITTERS )
LOCAL UNION NO. 803 PENSION )
FUND; PLUMBERS AND )
PIPEFITTERS LOCAL UNION NO. )
803 APPRENTICESHIP FUND AND, )
as TRUSTEES FOR THE FUNDS )
CARL GREGORY; BRANDON )
THOMAS; GARY MONSON, TIM )
MILES, PAUL JONES, and STEVE )
PATIRY, )
 )
      Plaintiffs, )
 )
vs. )    CASE NO.:
 )
KEY MECHANICAL, a Florida )
Corporation, )
 )
      Defendant. )
_____/

## COMPLAINT

Plumbers and Pipefitters Local Union No. 803 Health and Welfare Fund, Plumbers and Pipefitters Local Union No. 803 Pension Fund, Plumbers and Pipefitters Local Union No. 803 Apprenticeship Fund, and Carl Gregory, Brandon Thomas, Gary Monson, Tim Miles, Paul Jones and Steve Patiry, and as Trustees for the Funds ("PLAINTIFFS"), sue Key Mechanical, ("DEFENDANT"), and allege as follows:

### COMMON FACTUAL ALLEGATIONS

1. This action is initiated pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1132 and 1145 (hereinafter referred to as ERISA), and

1

Section 301 of the National Labor Relations Act, 29 U.S.C. §185 (hereinafter referred to as the ACT). Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§1132(e) and (f) and 29 U.S.C. §§185(a) and (f).

2. PLAINTIFF, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 803 HEALTH & WELFARE FUND (hereinafter referred to as "Health & Welfare Fund"), is an employee health & welfare benefit plan within the meaning of ERISA, 29 U.S.C. §1002(1).

3. PLUMBERS & PIPEFITTERS LOCAL UNION NO. 803 PENSION FUND (hereinafter referred to as "Pension Fund"), is an employee pension benefit plan within the meaning of ERISA, 29 U.S.C. §1002(2).

4. The PLUMBERS & PIPEFITTERS LOCAL UNION NO. 803 APPRENTICESHIP FUND (hereinafter also referred to as "Apprenticeship Fund") is an employee apprenticeship benefit plan within the meaning of ERISA, 29 U.S.C. §1002(1)(A).

5. The HEALTH & WELFARE FUND, the PENSION FUND and the APPRENTICESHIP FUND (hereinafter collectively referred to as the TRUST FUNDS) are employee benefit plans within the meaning of ERISA, 29 U.S.C. §1002(3) and are administered in Orlando, Florida. The TRUST FUNDS were created pursuant to the provisions of §302(c) of the Labor Management Relations Act, 29 U.S.C. §186(c), and are authorized to sue in their own names by ERISA, 29 U.S.C. §1132(d)(1).

6. The TRUST FUNDS bring the instant suit, as expressly contemplated by ERISA, to enforce the terms of the Trust Agreements and ERISA.

7. The TRUST FUNDS, by instituting this claim, have assumed and are suing in a fiduciary capacity and have standing to file suit in the district courts of the United States by virtue of 29 U.S.C. §132(e)(1) or by virtue of pendent jurisdiction predicated upon federal question jurisdiction inherent within Count II and the claims asserted by the individual Trustees herein.

8. PLAINTIFFS, CARL GREGORY, BRANDON THOMAS, GARY MONSON, TIM MILES, PAUL JONES, and STEVE PATIRY, at all times material hereto were TRUSTEES of the

TRUST FUNDS; (hereinafter all are collectively referred to as TRUSTEES). Pursuant to the terms of the Trust Agreements for the TRUST FUNDS, the TRUSTEES are expressly authorized to commence and process lawsuits to collect employee fringe benefits due and owing thereunder by the employer. As TRUSTEES, they are designated by 29 U.S.C. §1002(14) as fiduciaries and, in accordance with 29 U.S.C. §1132(a)(3) and (e)(1), may bring suit in their fiduciary capacities in the district courts of the United States to enforce the terms of the plans, as those terms are defined within 29 U.S.C. §1002.

9. DEFENDANT, The KEY MECHANICAL, at all times material, has been a company engaged in, licensed to, and/or doing business as a plumbing contractor in and about the Orange County, Florida area, as KEY MECHANICAL, INC. As such, at all times material, DEFENDANT was an employer within the meaning of ERISA, 29 U.S.C. §1002(5), and Section 2(2) of the ACT, 29 U.S.C. §152(2), with its principal place of business located at 1267 Winter Garden Vineland Road, Suite 240, Wnter Garden, Florida, 34787 whose activities affect commerce within the meaning of ERISA, 29 U.S.C. §§1002(11) and (12), and Sections 2(6) and (7) of the ACT, 29 U.S.C. §§152(6) and (7).

## COUNT I

10. PLAINTIFFS re-allege each allegation set forth in paragraphs one (1) through nine (9) above, and further allege as follows:

11. DEFENDANT is a party to and is bound by the terms and provisions of one or more collective bargaining agreements (hereinafter AGREEMENT) entered into with the UNION, which AGREEMENT was in effect at all times material hereto. Pursuant to that AGREEMENT, DEFENDANT contracted, *inter alia*, to tender employee fringe benefit contributions and related dues and assessments (hereinafter collectively referred to as CONTRIBUTIONS) to PLAINTIFFS for all hours worked and/or gross wages earned by its covered employees, monthly, for all months through the date of termination of the Agreement.

8. Since on or about January 1, 2017, through this date, DEFENDANT has failed

and/or refused to abide by the terms and conditions of the AGREEMENT and, particularly, but not as limitation, those provisions which require the payment of the CONTRIBUTIONS referred to in paragraph seven (7), above.

9. PLAINTIFFS repeatedly have attempted, without success, to persuade DEFENDANT to refrain from its breach of the Agreement and to maintain its obligations on a current basis and in all respects to honor the terms of the AGREEMENT, but DEFENDANT has violated and continues to violate its provisions, including, but not limited to, failing to tender the monthly CONTRIBUTIONS for all months from the date referred to above to the TRUST FUNDS entitling PLAINTIFFS to all remedies available in the AGREEMENT and §§502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145.

10. PLAINTIFFS have reasonably been required to spend sums of money in an effort to remedy DEFENDANT'S breach of the AGREEMENT and have incurred attorney's fees and legal costs in such collection process, which fees and costs are recoverable pursuant to the AGREEMENT and §§502(g), 515 and 3(5) of ERISA, 29 U.S.C. §§1132(g), 1145 and 1002(5).

WHEREFORE, PLAINTIFFS demand entry of judgment in their favor and against DEFENDANT as follows:

A. That the Court enter an order permitting a qualified certified public accountant to audit DEFENDANT'S books and records, at the cost of DEFENDANT, to determine the precise amounts of all such CONTRIBUTIONS that are due and owing;

B. That the Court award damages to PLAINTIFFS in the amounts found due and owing as a result of DEFENDANT'S breach of the AGREEMENT and the provisions of ERISA, plus prejudgment contractual interest and statutory penalties accrued thereon totaling up to twenty (20) percent per year on all such unpaid contributions;

C. That the Court award the costs of this action, including a reasonable attorney's fee, to PLAINTIFFS; and,

D. That the Court grant such other and further relief as it deems just and proper.

RESPECTFULLY SUBMITTED this ⁴th day of August, 2020.

THOMAS L. JOHNSON, ESQUIRE
Johnson & Caggia Law Group
510 Vondeburg Drive; Suite 303
Brandon, Florida  33606
(813) 654-7272
Florida Bar No.: 997447
E-mail: tom@tjlawpa.com
Attorney for PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Complaint has been served by First Class United States Mail to: Secretary of Labor, 200 Constitutional Avenue, N.W., Washington, D.C., 20210, Attn: Solicitor of Benefits Security; Secretary of the Treasury, Pennsylvania Avenue & Madison Place, N.W., Washington, D.C., 20226; and to Key Mechanical, Inc. 1267 Winter Garden Vineland Road, Suite 240, Winter Garden, Florida, 34787, this ⁴th day of August, 2020.

THOMAS L. JOHNSON., ESQUIRE